A. C. LINEBERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8689.    Promulgated October 10, 1927.

1. Petitioner having failed to produce sufficient evidence as to the incorrectness of the amount of salaries determined by the respondent, the determination of the respondent is approved.

2. Deduction claimed as business expense disallowed.

*J. L. Elliot, Esq.,* for the petitioner.
*R. A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income taxes for the years 1920 and 1921 of $2,489.88 and $5,066.74, respectively.

The two questions involved in this proceeding are: (1) The amount of salaries received by the petitioner in the years 1920 and 1921, and (2) whether or not certain expenditures made by the petitioner are allowable deductions.

### FINDINGS OF FACT.

A. C. Lineberger is an individual residing at Belmont, N. C. During the calendar years 1920 and 1921 he was employed by various corporations in the vicinity of his home. He drew salaries and bonuses in varying amounts from each of these corporations. He kept a small notebook in which he recorded the checks received by him when they were deposited in the bank, from which record he made his income-tax returns for the years in question. During the years in question the taxpayer received from the following corporations the sums set opposite their names:

|  | 1920 | 1921 |
|---|---|---|
| Majestic Manufacturing Co | $8,437.50 | $7,031.25 |
| Climax Spinning Co | 14,062.68 | 11,718.87 |
| National Imperial Mill | 9,562.51<br>2,125.00 | 6,906.24 |
| Chronicle Mills | 8,718.84<br>1,937.50 | 6,296.92 |
| Imperial Yarn Mills | 7,791.68<br>2,125.00 | 7,791.66 |
|  | 54,760.71 | 39,744.94 |

All of the above corporations were located within three-quarters of a mile of each other. The petitioner owned an automobile which he used to some extent in his business. He did not drive his automobile himself but employed a chauffeur for that purpose and for the purpose of doing certain work at the petitioner's home.

### OPINION.

MORRIS: The petitioner alleges that he received salaries for the year 1920 in the sum of $54,760.85 instead of $56,625.20 as determined by the respondent and that his salaries for the year 1921 amounted to $45,703.24 instead of $47,819.76 as determined by the respondent. It appears from the testimony that the petitioner received $54,-760.71 in the year 1920 and $39,744.94 in 1921 from five mills, but the evidence is not clear whether these amounts represent the total compensation received and for 1921 the amount received is at variance with the amount alleged in the petition. The petitioner's deposition relating to the subject of salaries received contains the following questions and answers:

Q. Were you connected with any other mills in 1920 and 1921 other than the five mills named above and the China Grove Mill?
A. Yes.

Q. Did you draw a salary from them in 1920 and 1921?
A. I don't think I drew any money.
Q. Were you an office holder of the China Grove Mill in 1920 and 1921?
A. I don't recall.

The petitioner must submit such evidence in support of the allegations in his petition as will overcome the prima facie correctness of the respondent's determination, and not having done so, the findings of the respondent are sustained.

The petitioner relies upon section 214(a) (1) of the Revenue Act of 1918 in support of his second allegation of error. The pertinent part of that section reads as follows:

That in computing net income there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

The petitioner kept no record of the amount claimed as a deduction nor did he offer sufficient evidence to support the allegation that said expenditures were made in carrying on his trade or business. The action of the respondent in disallowing these deductions is therefore sustained.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL and LITTLETON.